UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| TERESA LUVIANO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAL-MAINE FOODS, INC., )<br>)<br>Defendant. )<br>_____/ | Civil Case No.: |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff TERESA LUVIANO ("Plaintiff" or "Luviano"), files her Complaint against Defendant, CAL-MAINE FOODS, INC., ("Defendant" or "CMF"), and in support she states the following:

**NATURE OF THE CLAIMS**

This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq.* as amended by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter "ADA"); and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq.* (hereinafter "FCRA") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination and harassment against Plaintiff because of her sex, race, pregnancy, and pregnancy-related disability leading to Plaintiff's termination.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the ADA.

2. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Florida Civil Rights Act of 1992 pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Luviano is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Okeechobee County, Florida.

5. Defendant, CMF, is a foreign for-profit corporation with its principal place of business in Jackson, Missouri.

6. Defendant does business in this District and Plaintiff worked for Defendant at 6800 NE 120th Street, Okeechobee, Florida 34972.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On April 16, 2020, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations

("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on discrimination and retaliation.

10. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

11. On May 4, 2021, the EEOC issued to Plaintiff her Notice of Right to Sue. (Exhibit "A").

12. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendant as a full-time Palletizer.

14. Plaintiff is a Hispanic female.

15. Plaintiff was the only female working in her department.

16. At all times relevant, Plaintiff was a qualified individual with a disability within the meaning of the ADA due to her high-risk pregnancy. Plaintiff has a disability, has a record of being disabled, and Defendant regarded Plaintiff as being disabled.

17. Plaintiff performed all essential functions of her position with or without accommodations.

18. Plaintiff informed Defendant that she was pregnant on or about February 26, 2020, and that her pregnancy was considered high-risk.

19. Prior to this, in or around November 2019, Plaintiff informed Defendant she was pregnant, and her pregnancy was considered high-risk. Plaintiff requested the reasonable accommodation of a light duty position and was denied by Defendant. Shortly thereafter, Plaintiff suffered a miscarriage and informed Defendant.

20. Upon informing Defendant of her most recent pregnancy, Defendant immediately sent Plaintiff home and instructed her to provide proof of her pregnancy and further directed her not to return to work until she had medical clearance from her doctor.

21. The very next day, Plaintiff provided the requested documentation including the restriction that Plaintiff not lift more than ten (10) pounds.

22. Defendant then informed Plaintiff that her documentation was insufficient, provided her with a form requesting specific information, and instructed her not to return to work until she had the form completed by her doctor.

23. On or about March 4, 2020, Plaintiff provided Defendant with the completed form and attempted to return to work.

24. Plaintiff's updated form included restrictions to take 15-minute breaks every six (6) hours and no lifting over twenty (20) pounds until September 26, 2020.

25. Defendant again sent Plaintiff home pending review of her reasonable request for accommodations.

26. On or about March 5, 2020, Plaintiff called Defendant to follow up on her request for accommodations and return to work status; however, Defendant was not available to discuss.

27. The very next day, without any further communications from the Defendant, Defendant terminated Plaintiff under the pretext that Defendant could not accommodate her.

28. Plaintiff disputed Defendant's refusal to accommodate her by requesting to be placed in various light duty positions.

29. For example, Plaintiff requested to be assigned to the "Checker" position, which was a lighter duty position that was assigned to Josh (non-Hispanic male) who was also assigned as a "builder."

30. Despite the fact that Josh was holding two positions, Defendant refused to assign Plaintiff to the Checker position out of discriminatory animus for Plaintiff's sex and race.

31. Additionally, Defendant could have provided Plaintiff with various other tasks within her restrictions such as wrapping pallets but refused.

32. Defendant only provided the male and/or non-Hispanic employees the lighter duty tasks in Plaintiff's department.

33. Defendant failed to engage in the interactive process as Plaintiff received no further correspondence regarding her reasonable request for accommodations and did not provide Plaintiff an opportunity to discuss any concerns Defendant may have had with her doctor.

34. Defendant refused to temporarily assign Plaintiff with the lighter duty tasks out of discriminatory animus for her sex, pregnancy, and race.

35. Following Plaintiff's termination, there are no more Female and/or Hispanic employees in that department.

36. Plaintiff has been damaged by Defendant's illegal conduct.

37. Defendant's conduct was willful, wanton, and done with reckless disregard for Plaintiff.

38. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## COUNT I: PREGNANCY BASED DISCRIMINATION IN VIOLATION OF TITLE VII *as amended by the* PREGNANCY DISCRIMINATION ACT OF 1978

39. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

40. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of Plaintiff's pregnancy.

41. Defendant is prohibited under Title VII from discriminating against Plaintiff because of Plaintiff's pregnancy with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

42. Defendant violated Title VII by discriminating against Plaintiff based on Plaintiff's pregnancy.

43. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's pregnancy.

44. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

45. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## COUNT II: RACE BASED DISCRIMINATION
## IN VIOLATION OF TITLE VII

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

47. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her race, Hispanic.

48. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

49. Defendant violated Title VII by discharging and discriminating against Plaintiff based on her race.

50. Defendant intentionally discriminated against Plaintiff on the basis of her race.

51. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

52. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## COUNT III: SEX BASED DISCRIMINATION IN VIOLATION OF TITLE VII

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

54. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

55. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

56. Defendant violated Title VII by discriminating against Plaintiff based on her sex.

57. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

58. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

59. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## COUNT IV: DISABILITY BASED DISCRIMINATION IN VIOLATION OF THE ADA

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

61. At all times relevant to this action, Plaintiff was a qualified individual with a pregnancy-related disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

62. Plaintiff was able to perform the essential functions of her job at the time of her unlawful termination.

63. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her pregnancy-related disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

64. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her pregnancy-related disability.

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

66. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## COUNT V: FAILURE TO ACCOMMODATE UNDER THE ADA

67. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

68. At all times relevant to this action, Plaintiff was a qualified individual with a pregnancy-related disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

69. Plaintiff was able to perform the essential functions of her job at the time of her unlawful termination.

70. Defendant is required to engage in the interactive process and reasonably accommodate Plaintiff.

71. Defendant violated the ADA by failing to engage in the interactive process and reasonably accommodate Plaintiff.

72. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

73. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### COUNT VI: SEX (PREGNANCY) BASED DISCRIMINATION IN VIOLATION OF THE FCRA

74. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-38 above.

75. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of her sex and her pregnancy.

76. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her sex and/or pregnancy with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

77. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on her sex and her pregnancy.

78. Defendant intentionally discriminated against Plaintiff on the basis of her sex and pregnancy.

79. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation,

embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

80. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

### COUNT VII: RACE BASED DISCRIMINATION IN VIOLATION OF THE FCRA

81. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

82. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of her race, Plaintiff is Hispanic.

83. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

84. Defendant violated FCRA by discharging and discriminating against Plaintiff based on her race.

85. Defendant intentionally discriminated against Plaintiff on the basis of her race.

86. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

87. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## COUNT VIII: HANDICAP BASED DISCRIMINATION IN VIOLATION OF THE FCRA

88. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-38 above.

89. Plaintiff was a qualified individual with a pregnancy-related handicap under the meaning of the FCRA.

90. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her pregnancy-related handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

91. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on her pregnancy-related handicap.

92. Defendant intentionally discriminated against Plaintiff on the basis of her pregnancy handicap.

93. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

94. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## COUNT IX: FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA

95. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

96. At all times relevant to this action, Plaintiff was a qualified individual with a pregnancy-related disability within the meaning of the FCRA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

97. Plaintiff was able to perform the essential functions of her job at the time of her unlawful termination.

98. Defendant is required to engage in the interactive process and reasonably accommodate Plaintiff.

99. Defendant violated the FCRA by failing to engage in the interactive process and reasonably accommodate Plaintiff.

100. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

101. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Date: July 30, 2021.                    Respectfully submitted,

/s/ Zane A. Herman
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
Zane.herman@spielbergerlawgroup.com

*Attorney for Plaintiff*